UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TRAVIS CHARLES BROWN,<br><br>                    Plaintiff,<br><br>          v.<br><br>CITY OF LONG BEACH, et al.,<br><br>                    Defendants. | No. CV 15-02613-RGK (VBK)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

**PROCEEDINGS**

On April 8, 2015, Travis Charles Brown (hereinafter referred to as "Plaintiff") filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff named the following Defendants: City of Long Beach; Long Beach Police Department; County of Los Angeles (all of the above in their official capacities) (Complaint at 3.[1]); Long Beach Police Officer Bernard Barajas; Long Beach Police Officer Lorenzo Uribe; Police Officer Association Attorney Jim Trott; Long Beach Police Lt. L. Cox; Long Beach Police Commander D. Wood; Long Beach Police Sgt. E. Herzog; Long Beach Police Department Peer Officer R. Solorio; Long

---

[1] The Court will refer to the pagination used in the CM/ECF Docket.

Beach Police Department Peer Officer H. Vong, all in their individual capacities. (Id. at 4-5.)

On June 19, 2014, Plaintiff alleges that Defendants Uribe and Barajas were working patrol in an unmarked vehicle. Plaintiff is a student at Long Beach City Community College. (Id. at 6.) Plaintiff alleges Defendants Uribe and Barajas engaged in the practice of racially profiling African-American males. (Id.) Plaintiff alleges Defendants Uribe and Barajas detained Plaintiff, with their service weapons drawn, in violation of the Fourth Amendment. Plaintiff alleges he provided Defendants with his identification and then became nervous as Defendants used "racial slurs." Plaintiff then ran towards his classroom for safety. (Id.)

Plaintiff alleges that he was "shot in the buttocks" by Defendant Uribe and the bullet cannot be removed or else Plaintiff could end up permanently disabled. (Id. at 7.) To cover up the criminal acts committed by Defendant Officers Uribe and Barajas, Plaintiff alleges the remaining Defendants filed false charges against him and refused to provide discovery establishing Defendant Officers Uribe and Barajas violated clearly established law. Plaintiff alleges he has been in unlawful confinement for approximately nine months based upon false charges from the June 19, 2014 incident. (Id.)

Plaintiff alleges that Defendant Jim Trott is the Police Officers Association attorney assigned to investigate the shooting and insure that Defendant Officers Uribe and Barajas complied with departmental policy. Plaintiff alleges Defendant Trott has failed to turn over his findings after Plaintiff moved for discovery in his pending criminal case. Plaintiff alleges Defendants Lt. Cox, Commander R. Wood and Sgt. Herzog investigated the shooting and have failed to turn over their

reports. Plaintiff alleges that Defendant R. Solorio was assigned as Defendant Barajas' peer officer and has failed to turn over any reports. Plaintiff alleges that Defendant H. Vong was assigned as Defendant Uribe's peer officer and has also failed to turn over any reports or findings. (Id.)

Plaintiff alleges that he has not had a preliminary hearing in his pending criminal case due to the Defendants' actions by withholding relevant discovery. (Id. at 8.)

Plaintiff alleges the following causes of action: (1) false arrest and false imprisonment; (2) malicious prosecution; (3) Fourteenth Amendment procedural due process violations; (4) excessive force; and (5) racial profiling. (Id. at 6.)

**STANDARD OF REVIEW**

Because Plaintiff is seeking to proceed in forma pauperis, the Court shall review such a complaint "as soon as practicable after docketing." Pursuant to 28 U.S.C. §1915(e)(2), the District Court is required to dismiss a complaint if the Court finds that the complaint (1) is legally frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §1915(e)(2)(B) (re: all in forma pauperis complaints).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state the claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009)(quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference

3

that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.(citing Twombly, 550 U.S. at 556.) "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." (Id.) Although a complaint need not include "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of the cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555.) The Complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" (Id. at 679 [quoting Fed.R.Civ.P. 8(a)(2) (internal brackets omitted). "[A] well-pled complaint may proceed even if it appears that a recovery is very remote and unlikely." Twombly, 550 U.S. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In civil rights cases in which the Plaintiff appears pro se, the pleadings must be construed liberally, so as to afford the plaintiff the benefit of any doubt as to the potential validity of the claims asserted. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). If, despite such liberal construction, the Court finds that the complaint should be dismissed for failure to state a claim, the Court has the discretion to dismiss the complaint with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). A pro se litigant should be given leave to amend, unless it is clear that the deficiencies of the complaint cannot be cured by

amendment. Lopez, 203 F.3d at 1130-31; Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

**DISCUSSION**

For all of the following reasons, the Complaint should be dismissed with leave to amend.

**A.   Section 1983 Requirements.**

In order to state a claim under section 1983, a plaintiff must allege that: (1) the defendants were acting under color of state law at the time the complained of acts were committed; and (2) the defendants' conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc), cert. denied, 478 U.S. 1020 (1986). Liability under section 1983 is predicated upon an affirmative link or connection between the defendants' actions and the claimed deprivations. See Rizzo v. Goode, 423 U.S. 362, 372-73 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). That the defendant act under color of state law is "a jurisdictional requisite for a §1983 action." (Id.) Similarly, a plaintiff basing a cause of action on alleged constitutional violations must show that the "actions complained of are 'fairly attributable' to the government." Morse v. North Coast Opportunities, Inc., 118 F.3d 1338, 1340 (9th Cir. 1997).

Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused

the deprivations of his federally protected rights of which he complains. <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988); <u>Harris v. City of Roseburg</u>, 664 F.2d 1121, 1125 (9th Cir. 1981).

### B. **Plaintiff's Claims for False Arrest, False Imprisonment and Malicious Prosecution are Barred By Heck v. Humphrey**.

Plaintiff alleges a violation of his Fourth Amendment right to be free from false imprisonment and false arrest. Plaintiff also alleges malicious prosecution.

Under <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), a § 1983 claim that would call into question the lawfulness of a plaintiff's conviction or confinement is not cognizable, and therefor does not accrue, until and unless the plaintiff can prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>Heck</u>, 512 U.S. at 446-87. Accordingly, when a plaintiff files a § 1983 action, the Court must consider whether "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. (<u>Id</u>. at 487.)

The <u>Heck</u> bar applies to false arrest claims. See <u>Cabrera v. City of Huntington Park</u>, 159 F.3d 374, 380 (9th Cir. 1998)("To prevail on his 1983 claims for false arrest and imprisonment, [plaintiff] would have to demonstrate that there was no probable cause to arrest him ... [F]inding that there was no probable cause would 'necessarily imply' that [plaintiff's] conviction for disturbing the peace was invalid.

6

Therefore, under Heck [plaintiff's] false arrest and imprisonment claims [are] not cognizable."); see also Frost v. City and County of San Francisco, 2006 WL 2325286 (N.D. Cal. June 8, 2006); Guerrero v. Gates, 442 F.3d 697, 703 (9th Cir.2006)(concluding that Heck barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)(holding that Heck barred Plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him). Heck prevents a plaintiff from bringing a claim that, even if it does not directly challenge the conviction, would imply that the conviction was invalid.

Here, Plaintiff alleges that he was falsely arrested and has been falsely imprisoned and malicious prosecution. Plaintiff is currently awaiting trial; thus a § 1983 action for false arrest and false imprisonment upon which criminal charges are based, is barred by Heck until the criminal charges have been dismissed or the conviction has been overturned.

### C.  **Plaintiff Has Failed to Establish a Monell Violation Against Defendant City of Long Beach**.

Plaintiff's claims against Defendants City of Long Beach and the Long Beach Police Department fail because Plaintiff has not demonstrated liability pursuant to Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). For a municipality to be liable for violation of constitutional rights pursuant to 42 U.S.C. § 1983, plaintiff must establish that the municipality had a deliberate policy, custom, or practice that was the "moving force" behind the

constitutional violation he suffered. Galen v. City of Los Angeles, 477 F.3d 652, 667 (9th Cir.2007), citing Monell, 436 U.S. at 694-95; see also Oviatt v. Pierce, 945 F.2d 1470, 1474 (9th Cir. 1992). A local government entity cannot be held liable simply because it employs someone who has acted unlawfully. Monell, 435 U.S. at 694.

Plaintiff must demonstrate that Defendants acted with deliberate indifference to Plaintiff's constitutional rights. In City of Canton v. Harris, 489 U.S. 378, 389-91 (1989) the Supreme Court held that a municipality may be liable if it fails to properly train peace officers and the "failure to train amounts to deliberate indifference to the rights of persons with whom the [officers] come into contact." In other words, there must be a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Id. at 385. Only where a failure to supervise and train reflects a "deliberate or conscious choice" by a local government can the local government be liable under § 1983. Id. at 389. Further, the plaintiff must demonstrate that the alleged deficiency in supervision and training actually caused the requisite indifference. Id. at 391. The appropriate inquiry is therefore whether the injury would have been avoided "had the employee been trained under a program that was not deficient in the identified respect." (Id.)

Here, Plaintiff's Complaint alleges that Defendants City of Long Beach and the Long Beach Police Department are responsible for Defendants' actions pursuant to a "conspiracy to violate rights, failure to train, supervise and implement sufficient procedures to protect rights." (Id. at 3, 8.) Plaintiff's allegations are entirely conclusory. Further, Plaintiff fails to sufficiently allege a specific custom or policy of action or inaction of Defendants that caused the

8

alleged constitutional violation.

**ORDER**

For all of the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Complaint is dismissed with leave to amend. The First Amended Complaint should bear the docket number assigned in this case, be labeled "First Amended Complaint" and be complete in and of itself without reference to the original Complaint or any other pleading, attachment or document. Plaintiff may not add new Defendants. Plaintiff is admonished that if he fails to timely file a First Amended Complaint within 30 days of the date of this Memorandum and Order, the Court will recommend that this action be dismissed with prejudice on the grounds set forth above for failure to diligently prosecute.

DATED: June 11, 2015  /s/
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE